Hyman KRAMER, doing business as
Hy Kramer Enterprises,
Plaintiff-Appellant,

v.

DURALITE COMPANY, INC., and G &
A Machine Works, Inc.,
Defendants-Appellees.

No. 494, Docket 74-2139.

United States Court of Appeals,
Second Circuit.

April 23, 1975.

Arthur, Dry & Kalish, New York City, for plaintiff-appellant Hyman Kramer.

Rubens & Berger, New York City, for defendants-appellees Duralite Co., Inc. and others.

Before LUMBARD, MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Hyman Kramer petitions this court for a rehearing en banc on his appeal from a judgment of the United States District Court for the Southern District of New York, Kevin T. Duffy, J., awarding defendant G & A Machine Works, Inc. attorney fees in this patent action. By order, dated March 20, 1975, 515 F.2d 504, we affirmed that judgment on the basis of Judge Duffy's two opinions below.[1] Although petitioner apparently does not ask for a rehearing by the panel alone, he does complain strenuously of our affirmance by order on the basis of the opinions in the district court. Under the circumstances, we feel it is appropriate to make even more explicit than we have already the basis of our affirmance.

This case began as an infringement action brought by Kramer, alleging that his patent (No. 3,310,268) for a hinge bracket was infringed by G & A.[2] There was no dispute that G & A had infringed the patent; the chief issues before Judge

1. These opinions were dated December 20, 1973 and July 19, 1974.

2. Kramer also sued Duralite Company, Inc. in a separate action. The two cases were consolidated.

Duffy were G & A's claims that the invention was obvious and that Kramer had defrauded the Patent Office. In his opinion, dated December 20, 1973, Judge Duffy found the invention invalid for obviousness. He then held Kramer's trial testimony that he alone invented the bracket "totally incredible and wholly false." Based on this, the court found that Kramer had similarly misled the Patent Office and awarded G & A attorney fees.

In his brief on appeal and in his petition for rehearing, Kramer suggests that he was at least a co-inventor and entitled to a good faith belief in his own inventorship. Thus, he contends, the award of attorney fees was improper. But Kramer's possible co-inventorship is not the real issue. At trial, Kramer testified that he single-handedly developed the angles that were critical to the success of the device. However, two witnesses testified that Kramer made no contribution to the choice of angles. The judge concluded that Kramer was not telling the truth. From this, the court was justified in finding that Kramer had defrauded the Patent Office when he claimed to be the sole inventor.

Clearly such fraud renders this case exceptional within the meaning of 35 U.S.C. § 285.[3]

A patent applicant has a duty to the Patent Office to make a full and fair disclosure of all facts which may affect the patentability of his invention. A breach of that duty prevents the Patent Office from properly performing its function of preventing the issuance of unlawful patent monopolies. [Citations omitted.]

A patent applicant's breach of duty to the Patent Office is relevant in determining not only the validity of his patent, but also his good faith in maintaining a subsequent infringement action. An applicant's fraud on the Patent Office is enough standing alone to convert his later infringement action

into an exceptional case within the meaning of section 285. Monolith Portland Midwest Co. v. Kaiser Aluminum & Chemical Corp., 407 F.2d 288, 294 (9th Cir. 1969). It was a valid exercise of the court's discretion to award attorney fees. See Kahn v. Dynamics Corp. of America, 508 F.2d 939, 945 (2d Cir. 1975).

---

3. 35 U.S.C. § 285 provides:
   The court in exceptional cases may award reasonable attorney fees to the prevailing party.